UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>ADAM C. SHACK,<br><br>    DEBTOR.<br><br>JPMORGAN CHASE BANK, N.A.,<br>    MOVANT,<br><br>v.<br><br>ADAM C. SHACK AND GEORGE I.<br>ROUEMELIOTIS, CHAPTER 7<br>TRUSTEE,<br>    RESPONDENTS. | CASE NO.   21-50013 (JAM)<br><br>CHAPTER   7<br><br>RE: ECF NO.   8 |

**Appearances**

| | |
|---|---|
| Brian D. Rich, Esq.<br>225 Asylum Street<br>Hartford, CT 06103 | *Attorney for JPMorgan* |
| Brian E. Lambeck, Esq.<br>P.O. Box 95<br>Georgetown, CT 06829 | *Attorney for the Debtor* |

**MEMORANDUM OF DECISION AND ORDER GRANTING
MOTION FOR RELIEF FROM STAY AND *IN REM* RELIEF**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.    INTRODUCTION**

On January 11, 2021, Adam C. Shack (the "Debtor") filed a Chapter 7 petition

commencing this bankruptcy case.  On January 14, 2021, JPMorgan Chase Bank N.A.

("JPMorgan") filed a Motion for Relief from Stay and *In Rem* Relief and In the Alternative

Motion to Dismiss with a Two Year Bar (the "Motion for Relief from Stay," ECF No. 8). Among other things, the Motion for Relief from Stay seeks relief pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), and *in rem* relief pursuant to § 362(d)(4) with regard to the real property located at 433 Stanwich Road, Greenwich, Connecticut (the "Property").

On February 9, 2021, a hearing on the Motion for Relief from Stay was held at which counsel for JPMorgan, counsel for the Debtor, and the Chapter 7 Trustee appeared. During the hearing, the Debtor's counsel objected to the Motion for Relief from Stay and stated that he did not file an objection because of an inability to electronically file documents on the docket of the case. Although a written objection should have been filed prior to the hearing, the Court allowed the Debtor's counsel to file a written objection by 12:00 p.m. on February 12, 2021, and JPMorgan's counsel to file a response to the Debtor's objection by February 17, 2021. On February 12, 2021, the Debtor filed an Objection to the Motion for Relief from Stay (the "Objection," ECF No. 19). JPMorgan then filed a Response to the Objection (the "Response," ECF No. 20).

After reviewing the Motion for Relief from Stay, the Objection, and the Response, and for the reasons set forth below, the Court grants the Motion for Relief from Stay in accordance with 11 U.S.C. §§ 362(d)(1) and (d)(2), and *in rem* relief pursuant to § 362(d)(4).

**II.    BACKGROUND**

    **A. The State Court Foreclosure Action and the Debtor's 2016 Chapter 7 case.**

1.      On May 22, 2007, the Debtor and his spouse, Lauren Shack, executed an Adjustable Rate Note in favor of Washington Mutual Bank, FA in the amount of $3,000,000.00 secured by a Mortgage on the Property (the "Note"), which was properly recorded on the

Greenwich Land Records on May 30, 2007.  Thereafter, Washington Mutual Bank, FA indorsed the Note in blank.

2. On July 14, 2009, JPMorgan, asserting it was the holder of the Note, commenced a foreclosure proceeding against the Debtor and his spouse in the Connecticut Superior Court regarding the Property (the "State Court Foreclosure Action").

3. On July 22, 2013, the Connecticut Superior Court entered a Judgment of Strict Foreclosure which found that: (i) JPMorgan was the holder and owner of the Note; (ii) the Debtor was in default on the terms of the Note; (iii) the fair market value of the Property was $2,300,000.00; and (iv) the debt owed to JPMorgan was $3,767,674.99.  The Judgment of Strict Foreclosure set the law day for October 1, 2013.

4. On August 8, 2013, the Debtor appealed the Judgment of Strict Foreclosure to the Connecticut Appellate Court (the "2013 Appeal").

5. On November 4, 2014, the Appellate Court affirmed the Superior Court's Judgment of Strict Foreclosure and remanded the case for the purpose of setting new law days. *See JPMorgan Chase Bank, NA v. Adam C. Shack, et al.*, 153 Conn. App. 910 (Conn. App. 2014), *cert. denied* 316 Conn. 901 (2015).

6. On September 11, 2015, JPMorgan filed a Motion to Open Judgment to reset the law days.  On October 26, 2015, the Superior Court granted the Motion and set the new law day for February 9, 2016.  The Debtor then filed a Motion to Open Judgment, which the Superior Court granted on February 1, 2016, and reset the new law day for June 21, 2016.

7. On June 20, 2016, the day before the reset law day, the Debtor, represented by Attorney Brian E. Lambeck, filed a Chapter 7 voluntary petition in this Court, Case No. 16-

50818 (the "Debtor's 2016 Chapter 7 case"), which resulted in an automatic stay in favor of the Debtor.

8. The Debtor's petition listed his name as "Shack C. Shack," contained a Social Security Number that apparently belonged to his spouse, and listed the Property as his residence. The Debtor failed to file the Statements and Schedules required to be filed by a debtor in accordance with 11 U.S.C. § 521(a)(1).

9. On June 21, 2016, a deficiency notice was issued in the Debtor's 2016 Chapter 7 case which provided the Debtor the opportunity to show cause why his case should not be dismissed for failure to list the correct name and signature of the Debtor on the Statement of Social Security Number, and for failure to file the Statements and Schedules required to be filed by a debtor within 14 days of filing of a bankruptcy petition pursuant to Fed. R. Bankr. P. 1007.

10. On July 14, 2016, JPMorgan filed a Motion for Relief from Stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2). The Debtor did not file a response to the Motion for Relief from Stay.

11. On August 6, 2016, the Chapter 7 Trustee filed a Motion to Dismiss Case for Failure to Attend Two Consecutive Section 341 Meetings of Creditors.

12. On August 16, 2016, the Court granted the Motion for Relief from Stay in favor of JPMorgan.

13. On August 23, 2016, the Court dismissed the Debtor's 2016 Chapter 7 case for the failure of the Debtor to file all required documents pursuant to 11 U.S.C. § 521(i).

    B. **The continuation of the State Court Foreclosure Action and the Debtor's 2017 Chapter 7 case.**

14. On September 14, 2016, JPMorgan filed another Motion to Open Judgment in the State Court Foreclosure Action. On December 12, 2016, the Superior Court granted the Motion and, for the fourth time, reset the law day for June 20, 2017.

15. On June 20, 2017, the Debtor, again represented by Attorney Lambeck, filed a second Chapter 7 petition in this Court, Case No. 17-50713 (the "Debtor's 2017 Chapter 7 case"). As in the Debtor's 2016 Chapter 7 case, the Debtor failed to file the required Statements and Schedules with his Chapter 7 petition.

16. On June 21, 2017, a deficiency notice was issued to the Debtor notifying him that if he did not file his Statements and Schedules within 14 days of filing his Chapter 7 petition, his case would be dismissed.

17. On July 11, 2017, the Debtor's 2017 Chapter 7 case was dismissed for failure of the Debtor to file all missing documents pursuant to Fed. R. Bankr. P. 1007 and D. Conn. Bankr. L. R. 1007-1 and 1007-2.

    C. **The continuation of the State Court Foreclosure Action and the Debtor's 2018 Chapter 7 case**.

18. On July 26, 2017, JPMorgan filed another Motion to Open Judgment in the State Court Foreclosure Action.

19. On September 26, 2017, the Superior Court granted the Motion and reset, for the fifth time, the new law day for February 27, 2018.

20. On February 26, 2018, two days before the reset law day, the Debtor, again represented by Attorney Lambeck, filed a third Chapter 7 petition in this Court, Case No. 18-50220 (the "Debtor's 2018 Chapter 7 case"). The Debtor's petition again contained what appeared to be his spouse's Social Security Number. Also, as was true in his prior two Chapter 7 cases, the Debtor failed to file the required Statements or Schedules with the Chapter 7 petition.

21. On February 27, 2018 a deficiency notice was issued to the Debtor notifying him that if he failed to file the required Statements or Schedules within 14 days of filing his petition, his Chapter 7 case would be dismissed.

22. On March 7, 2018, the Debtor's 2018 Chapter 7 case was dismissed for failure to file all required documents pursuant to Fed. R. Bankr. P 1007, and D. Conn. Bankr. L. R. 1007-1 and 1007-2.

23. On March 28, 2018, the Debtor filed an Amended Motion to Reopen the Debtor's 2018 Chapter 7 case, which was granted on May 2, 2018. The same day the Motion to Reopen was granted, a deficiency notice was again issued to the Debtor notifying him that if he failed to file the required Statements or Schedules within 14 days, his Chapter 7 case would be dismissed.

24. On July 26, 2018, the Debtor's 2018 Chapter 7 case was dismissed for failure to file the required Statements and Schedules.

### D. The continuation of the State Court Foreclosure Action and the Debtor's 2021 Chapter 7 case.

25. On September 13, 2018, JPMorgan filed a Motion to Reset Law Days in the State Court Foreclosure Action. On October 15, 2018, the Superior Court set, for the sixth time, the new law day for December 11, 2018.

26. The Debtor then filed a Motion to Open Judgment, which the Superior Court denied, but which resulted in the setting, for the seventh time, of a new law day for January 15, 2019.

27. On December 31, 2018, the Debtor filed a Motion to Reargue/Reconsider the Motion to Open Judgment, which the Superior Court denied. The Debtor then appealed the Superior Court order denying the Motion to Reargue/Reconsider on January 14, 2019, the day

before the law day (the "January 2019 Appeal"). The Appellate Court dismissed the January 2019 Appeal as "frivolous" in a one sentence decision dated March 13, 2019.

28.     After dismissal of the 2019 Appeal, the Superior Court set a new law day for June 25, 2019. On June 17, 2019, the Debtor filed a Motion to Reargue/Reconsider, which the Superior Court denied that same day. The Debtor then filed an appeal of the Superior Court order denying the Motion to Reargue/Reconsider on July 8, 2019 (the "July 2019 Appeal"). The Appellate Court dismissed the July 2019 Appeal as "frivolous" on September 12, 2019.

29.     On September 12, 2019, JPMorgan filed a Motion for Order to Reset the Law Days. The Debtor subsequently filed a Motion to Dismiss on December 2, 2019. On December 30, 2019, the Superior Court granted the Motion for Order to Reset Law Days and set, for the ninth time, a new law day for January 21, 2020.

30.     On January 21, 2020, the Debtor filed an appeal of the Superior Court's December 30, 2019 order granting the Motion for Order to Reset the Law Days (the "January 2020 Appeal").

31.     On February 4, 2020, while the January 2020 Appeal was pending, JPMorgan filed a Motion for Termination of the Stay of Execution. On February 20, 2020, the Appellate Court dismissed the January 2020 Appeal as once again "frivolous."

32.     On March 2, 2020, the Superior Court, for the tenth time, set the new law day for March 31, 2020, and entered an Order Denying the Motion to Dismiss and an Order Granting the Motion for Termination of the Stay of Execution. On March 11, 2020, the Debtor filed a Motion for Reconsideration of the Appellate Court order dismissing the January 2020 Appeal and a Motion for Review of the Order Granting the Motion for Termination of the Stay of Execution in the Appellate Court, which were both denied on March 12, 2020.

7

33. On March 19, 2020, the Governor of the State of Connecticut issued Executive Order No. 7G, which suspended non-critical court operations in response to the outbreak of the novel COVID-19 coronavirus. On March 20, 2020, the Superior Court reopened the Judgment and, for the eleventh time, set a new law day for June 2, 2020.

34. On July 2, 2020, JPMorgan filed a Motion to Open Judgment, which was granted on July 8, 2020. A new law day was then set for October 6, 2020.

35. On July 6, 2020, the Debtor filed a fifth appeal, challenging the Superior Court's March 2, 2020 orders on the Motion to Dismiss, the Motion for Termination of the Stay of Execution, and the setting of the law day for March 31, 2020 (the "July 2020 Appeal"). The Appellate Court dismissed the July 2020 Appeal on October 8, 2020.

36. After dismissal of the July 2020 Appeal, JPMorgan filed a Motion to Open the Judgment. The Superior Court granted the Motion to Open Judgment and, for the thirteenth time, set a new law day for January 11, 2021.

37. On January 11, 2021, the Debtor filed this Chapter 7 case, his fourth, and is again represented by Attorney Lambeck (the "Debtor's 2021 Chapter 7 case").

38. On January 14, 2021, JPMorgan filed the Motion for Relief from Stay.

39. On January 25, 2021, the Debtor filed the Statements and Schedules within the 14 days required by Fed. R. Bankr. P. 1007. However, as was true in the Debtor's three prior bankruptcy cases, the Debtor and the Debtor's counsel failed to appear at the Section 341 Meeting on February 10, 2021, preventing the administration of the Debtor's bankruptcy case.

### III.  DISCUSSION

JPMorgan seeks relief from the automatic stay under 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4). As the party requesting relief from the automatic stay, JPMorgan must prove that it is a

party in interest entitled to the relief sought.  JPMorgan also has the burden of proof on the question of the debtor's equity in property.  11 U.S.C. § 362(g).

The moving party must first establish its *prima facie* case for relief.  3 *Collier on Bankruptcy*, ¶ 362.10, p. 362-135 (16th ed. 2020).  A *prima facie* case requires a movant to show "a factual and legal right to the relief it seeks." *Id.*  Under section 362(d), if a movant presents a *prima facie* case and no contrary evidence is presented, the Court "shall" grant the relief requested.  11 U.S.C. § 362(d).  After a careful review of the record in this case, the Court finds that JPMorgan has met its burden and grants it relief under sections 362(d)(1), (d)(2), and (d)(4).

### A. Cause exists to grant relief from the stay pursuant to Section 362(d)(1)

Section 362(d)(1) provides,

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

11 U.S.C. § 362(d)(1) (emphasis added).  JPMorgan is a party in interest under section 362(d) by virtue of the Judgment of Strict Foreclosure.  Although "cause" is not defined in the Bankruptcy Code, cause has been found to include non-payment of a debt or a lack of adequate protection.  *See In re Caires*, 611 B.R. 1, 6-7 (Bankr. D. Conn. 2020); *In re Uvaydov*, 354 B.R. 620, 624 (Bankr. E.D.N.Y. 2006); *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 333 (Bankr. S.D.N.Y. 2001).

The Motion for Relief from Stay establishes that cause exists to grant relief under section 362(d)(1).  First, it is unrefuted that JPMorgan has not received a loan payment in over ten years.  Second, JPMorgan is not adequately protected because the Debtor has no equity in the Property and in fact has negative equity of over $2,000,000.00.  Third, a Judgment of Strict Foreclosure

9

entered against the Debtor. Therefore, cause exists to grant relief from the stay under section 362(d)(1).

### B. Relief from the stay is also granted pursuant to Section 362(d)(2)

JPMorgan next moves for relief under section 362(d)(2), arguing the Debtor has no equity in the Property and that the Property is not necessary to an effective reorganization. The Court agrees.

JPMorgan has demonstrated that there is no equity in the Property as evidenced by the Judgment of Strict Foreclosure. In addition, the Property is not necessary for an effective reorganization. The Debtor filed a Chapter 7 case (his fourth), the purpose of which is liquidation, not reorganization. As such, no reorganization is possible and relief under section 362(d)(2) is warranted. *See In re Escobar*, 457 B.R. 229, 242 (Bankr. E.D.N.Y. 2011). Accordingly, relief under section 362(d)(2) is granted.

### C. JPMorgan is entitled to *in rem* relief under 362(d)(4)

JPMorgan also seeks *in rem* relief asserting that the filing of the Debtor's 2021 Chapter 7 case was part of a scheme to delay, hinder, or defraud JPMorgan that involved multiple bankruptcy filings affecting the Property. The Court agrees.

Pursuant to 11 U.S.C. § 362(d)(4),

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved –
>   (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>   (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4) (emphasis added). *In rem* relief is available "when a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors," *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017), and involves either a transfer of an interest in property or multiple bankruptcy filings affecting real property, *In re Conrad*, 614 B.R. 20, 27-28 (Bankr. D. Conn. 2020); *Caires*, 611 B.R. at 8.

Bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *In re Porzio*, 622 B.R. 134, 137-38 (D. Conn. 2020) (citation omitted); *see also In re Pellechia*, 617 B.R. 750, 759 (Bankr. D. Conn. 2020); *Conrad*, 614 B.R. at 27-28; *Caires*, 611 B.R. at 8. As the record demonstrates, the timing of the filing of the Debtor's 2016 Chapter 7 case, the Debtor's 2017 Chapter 7 case, the Debtor's 2018 Chapter 7 case, and the Debtor's 2021 Chapter 7 case establish that the cases were filed solely to stay the running of the law days and with no legitimate bankruptcy purpose. In every one of his cases, the Debtor failed to perform the duties required of a debtor under the Bankruptcy Code, including failing to attend a Section 341 Meeting of Creditors. Except for in this case, the Debtor failed to file the required Statements and Schedules necessary to administer Debtor's case.

The Court finds the Debtor engaged in a scheme to delay, hinder, or defraud JPMorgan in the exercise of its applicable non-bankruptcy rights. For these reasons, and under the specific facts and circumstances present in this case, *in rem* relief is granted under section 362(d)(4).

Although the Debtor raises several arguments in the Objection, none of those arguments are persuasive. In essence, the Objection asserts that the Motion for Relief from Stay should be denied because the Superior Court erred in its rulings. However, a bankruptcy court is not a court of appeals of state court proceedings. *See Conrad*, 614 B.R. at 26. A final Judgment of

Strict Foreclosure entered against the Debtor, notwithstanding the assertions in the Objection to the contrary. A final judgment of a state court is binding on, and not reviewable by, this Court under the *Rooker-Feldman* doctrine. *Phifer v. City of New York*, 289 F.3d 49, 55-56 (2d Cir. 2002); *Gentner v. Shulman*, 55 F.3d 87, 89 (2d Cir. 1995). For the reasons set forth above, the Objection is overruled.

### IV.   CONCLUSION

After consideration of the arguments advanced by the parties in the pleadings and at the hearing on the Motion for Relief from Stay, in accordance with 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4)(B); it is hereby

**ORDERED:** JPMorgan is granted relief from the automatic stay under 11 U.S.C. §§ 362(d)(1), 362(d)(2), and 362(d)(4). A separate Order granting relief from the stay will enter; and it is further

**ORDERED:** The 14-day stay provided in Federal Rule of Bankruptcy Procedure 4001(a) is hereby waived.

Dated at Bridgeport, Connecticut this 8th day of March, 2021.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut